**AFFIRMED as Modified; Opinion Filed April 30, 2013.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-00867-CR

**PATRICK RASHAD MANNING, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F08-63011-I**

## MEMORANDUM OPINION ON REHEARING

Before Justices Moseley, Francis, and Lang
Opinion by Justice Moseley

We deny appellant's motion for rehearing. We withdraw our opinion and vacate our judgment of March 26, 2013. This is now the opinion of the Court.

A jury convicted Patrick Rashad Manning of endangering a child and assessed punishment at two years' confinement. In a single issue on appeal, Manning contends the evidence is legally insufficient to prove the child was in imminent danger. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We modify the trial court's judgment to correct the spelling of Manning's first name and affirm the judgment as modified.

We review the evidence under the legal sufficiency standard of review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (2012). In a legal sufficiency review, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames*, 353 S.W.3d at 860. This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Id.* We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

As applicable here, a person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than 15 years in imminent danger of death, bodily injury, or physical or mental impairment. TEX. PENAL CODE ANN. § 22.041(c) (West 2011). "Imminent" means "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." *Garcia v. State*, 367 S.W.3d 683, 689 (Tex. Crim. App. 2012).

The indictment alleged that Manning intentionally, knowingly, recklessly, and with criminal negligence engaged in conduct placing P.M., a child younger than fifteen years of age, in imminent danger of death, bodily, injury and physical and mental impairment by leaving illegal drugs and by selling illegal drugs in the presence of the child and by having a firearm in the presence of the child.

Pursuant to a search warrant, police entered Manning's one-bedroom apartment to search for controlled substances. Inside, police found Manning, another adult male, and Manning's

four-year old child.  According to police, Manning was sitting at a table and ran to the bedroom when police entered the apartment.  The other man was apparently knocked to the floor by the door when police entered the apartment.

The child was sitting in a chair within fifteen feet of the kitchen table. On the table, police discovered a loaded handgun, cocaine, and marijuana.  On a chair next to the table was another loaded handgun.  Inside a cabinet in the kitchen police discovered several tablets in pill bottles that were later determined to contain the controlled substance 3,4 methylenedioxy methamphetamine (MDMA).  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.103(a)(1).  The handguns were not secured in any way.  Police found other firearms in the bedroom.

In Manning's police interview, he admitted he lived at the apartment and admitted selling cocaine and marijuana, but denied knowledge of the ecstasy tablets found in the kitchen cabinet. Manning said his son did not live at the apartment, but Manning had picked him up from school the day of the arrest.

Officer Steve Junker testified as an expert about drug distribution.  Junker testified that having a four-year old around drugs could be dangerous because the child could take the drugs and overdose.  He also testified that having unsecured, loaded firearms around a child could lead to the child shooting himself or someone else.  He explained there is a danger of drug houses being robbed and the child could be caught in a shoot-out.

Manning contends the evidence shows his son was never in imminent danger and that the danger was at all times only potential.  Manning asserts there is no evidence he left the child alone in proximity to the drugs and firearms or that Manning was intoxicated or unable to supervise the child.

Manning testified he picked his son up from school.  When they got to the apartment,

–3–

there were no drugs or firearms on the kitchen table. Manning's friend, Jerrod Patterson, was there. Manning told his son to sit down and watch TV. Manning went to the restroom and when he came out, the police entered the apartment.

The jury was entitled to credit the testimony of the police officers that cocaine and marijuana were in plain view on the kitchen table along with loaded handguns on the table and on a chair next to the table. The child was sitting approximately fifteen feet away from the table. Looking at the evidence in the light most favorable to the verdict, a rational jury could reasonably conclude that leaving an unrestrained four-year old child in close proximity to loaded, unsecured handguns, and to cocaine and marijuana placed the child in imminent danger. *See Butler v. State*, No. 14-09-00067-CR, 2010 WL 547055, at \*4 (Tex. App.—Houston [14th Dist.] Feb. 18, 2010, no pet.) (not designated for publication) (concluding that near presence of narcotics to unrestrained children in vehicle and evidence that marijuana was smoked inside the vehicle with children present was legally sufficient to support conviction).

Considering all the evidence (including that summarized above) in the light most favorable to the verdict, we conclude a rational trier of fact could have found Manning guilty of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860. Thus, we overrule Manning's sole issue.

We note that Manning's first name is misspelled in the judgment. During introductions before voir dire, defendant and his counsel pointed out that his name was actually Patrick, not Parick. There was evidence at trial that appellant's name is Patrick, not Parick. The trial court noted the name change on the docket sheet.

We may modify the trial court's judgment and affirm as modified. TEX. R. APP. P. 43.2(b); *see also Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v.*

*State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (recognizing court's authority to correct clerical errors contained in the judgment).  Accordingly, we modify the trial court's judgment to reflect the correct spelling of appellant's first name.

　　　　We affirm the trial court's judgment as modified.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
110867hf.u05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICK RASHAD MANNING,
Appellant

No. 05-11-00867-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F08-63011-I.
Opinion delivered by Justice Moseley.
Justices Francis and Lang participating.

We **VACATE** our March 26, 2013 judgment. This is now the judgment of the Court.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Defendant's name is modified to read "Patrick Rashad Manning."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 30th day of April, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE

–6–